USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/3/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

           15-cr-643 (PKC)

     -against-                             ORDER

GARY HIRST,

                Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        The question is whether the Supreme Court's decision in Honeycutt v. United States, 137 S. Ct. 1626, which speaks to forfeiture under 21 U.S.C. § 853 and held that a forfeiture order issued pursuant to that statute could not hold a defendant jointly and severally liable for property that a co-conspirator derived from the crime but that the defendant did not himself acquire, applies to forfeiture under 18 U.S.C. § 981. This Court concludes that it is likely that the prohibition on joint and several liability will be extended the forfeiture under 18 U.S.C. § 981. But because this conclusion is not the inevitable outcome, the district court must continue to follow Second Circuit precedent. Accordingly, Hirst will be held jointly and severally liable on forfeiture with Jason, John, and Derek Galanis.

        Generally, a Second Circuit panel is bound by Second Circuit decisions "unless and until the precedents established therein are reversed en banc or by the Supreme Court." In re Arab Bank, PLC Alien Tort Statute Litig., 808 F.3d 144, 154 (2d Cir. 2015). However, there is an exception to this rule when an "intervening Supreme Court decision . . . casts doubt on [] controlling [Second Circuit] precedent." Id. (citing Wojchowski v. Daines, 498 F.3d 99, 106 (2d Cir. 2007)) (omission in original). As the Second Circuit has explained:

> [F]or this exception to apply, the intervening decision need not address the precise issue already decided by our Court. Instead, there must be a conflict, incompatibility, or inconsistency between this Circuit's precedent and the intervening Supreme Court decision. The effect of intervening precedent may be subtle, but if the impact is nonetheless fundamental, it requires this Court to conclude that a decision of a panel of this Court is no longer good law.

Id. at 154-55 (internal quotation marks and citations omitted).

A district court, on the other hand, "must follow that precedent unless a subsequent decision of the Supreme Court so undermines it that it will almost inevitably be overruled by the Second Circuit." United States v. Emmenegger, 329 F. Supp. 2d 416, 429 (S.D.N.Y. 2004) (Lynch, J.)

In this case, the government seeks forfeiture against Hirst based on 18 U.S.C. § 981(a)(1)(C), which permits forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offence constituting 'specified unlawful activity' as defined in [18 U.S.C. § 1956(c)(7)]." Section 981(a)(2)(A) defines "proceeds" as "property of any kind obtained directly or indirectly, as the result of the commission of the offense giving rise to forfeiture, and any property traceable thereto."

While this Court believes that it is more likely than not that the Second Circuit will extend the Supreme Court's holding in Honeycutt, the Court is not prepared to say that such an outcome is almost inevitable. The Court is therefore constrained to follow clear Second Circuit precedent that requires the finding that Hirst may be held jointly and severally liable for proceeds derived from the criminal conspiracy to which he was party, even though much of those proceeds were obtained by co-conspirators and were never possessed by Hirst. See e.g., United States v. Contorinis, 692 F.3d 136, 147 (2d Cir. 2012) ("a court may order a defendant to forfeit

proceeds received by others who participated jointly in the crime, provided the actions generating those proceeds were reasonably foreseeable to the defendant")

SO ORDERED

                                        P. Kevin Castel
                                   United States District Judge

Dated: New York, New York
       August 3, 2017